CARROLL, Judge.
In this action, brought in the civil court of record in Dade County, the City of Miami sought recovery of unpaid taxes in the amount of $1,473.63. One of the defendants, The Dixie Dredge Corporation filed a counterclaim seeking damages in excess of $5,000, which was above the jurisdictional limitation of that court which § 33.02, Fla.Stat, F.S.A., provides shall “not exceed, exclusive of interest and cost, the sum or value of five thousand dollars.”
The plaintiff moved to strike the counterclaim for sham. The court entertained the motion and took testimony thereon as contemplated under rule 1.14, F.R.C.P., 30 F.S.A., relating to sham pleadings. At such hearing the counterclaimant moved for transfer of the cause to the circuit court. An order was entered denying motion for transfer and striking the counterclaim. Thereafter the court granted a motion by plaintiff for and entered summary judgment in favor of the plaintiff, for the amount of the claim plus accrued interest and penalties totalling $1,653.03. The counterclaimant and another defendant appealed. They challenged the judgment and the ruling of the court on the counterclaim.
On this appeal we do not reach the merits of appellants’ contentions respecting the summary judgment, because we find it necessary to reverse for want of jurisdiction. Because the damages sought on the counterclaim exceeded the jurisdiction of the civil court of record, it was error for that court to rule on motions to strike the counterclaim for sham and for summary judgment. Jurisdiction to consider and determine those matters was reposed in the circuit court because of the amount involved. Rule 1.13(10), F.R.C.P., relating to transfer to the court having jurisdiction provides:
“Should the demand of any counterclaim exceed the jurisdiction of the court wherein the suit is pending, the said suit shall be forthwith transferred to the court of the same county having jurisdiction of the demand in the said counterclaim mentioned, with only such alterations in the pleadings as shall be essential. In such case,, an order shall be made by the court for the transfer of the suit and the transmission of all papers therein to the proper court and thereupon the originals of all such papers shall be transmitted and filed, together with a certified or attested copy of the order *626 of transfer and transmissal. The court to which transferred shall have full power and jurisdiction over the demands of both the defendant and the plaintiff in the said suit and may adjudicate the same and enter judgment or decree thereon.”
For the reasons stated, we reverse the order denying motion to transfer and striking the counterclaim, and remand the cause with directions to vacate the summary judgment and to order transfer of the cause to the circuit court as provided for in rule 1,13(10), F.R.C.P.
It is so ordered.